EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2021-00519 |

| LOUISIANA COMMISSION ON HUMAN RIGHTS | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **VALLERY A COLEMAN** | **(504) 509-8262** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1387 HWY190 EAST APT-5, HAMMOND,LA 70401** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **SUMMERFIELD ASSIST LIVING /JOYCE BREWER** | **15 - 100** | **(985) 345-6300** |

| Street Address | City, State and ZIP Code |
|---|---|
| **16170 MINNESOTA DR, HAMMOND, LA 70401** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **11-01-2019**    Latest **12-07-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with SUMMERFIELD ASSIST LIVING on July 22, 2020, most recently as a Receptionist. On or about late November 2020; after informing Supervisor, Joyce Brewer that I could not wear a mask due to breathing issues with my sinus and my blood pressure would rise; I asked to wear a clear face shield and was told Id have to wear a mask under the shield, and if I could not wear a mask, I could not work there. In retaliation I was discharged on December 7, 2020, I was told by Jill (LNU), HR, that I could reapply after the mask mandate was lifted.

According to Respondent, I was discharged because I could not wear a mask.

I believe I was discriminated against in violation of The Americans with Disabilities Act, of 2008 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Vallery A Coleman on 06-08-2021 09:38 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**From:**       Vallery Coleman
**To:**         KORY FASCIO
**Subject:**    claim #461-2021-00519 vallery coleman
**Date:**       Thursday, October 21, 2021 2:59:26 PM

i would like file a claim to suit on my claim #461-2021-00519

Vallery Coleman
504-509-8262

EEOC Form 161-B (11/2020)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Vallery A. Coleman**
**1018 Montrose Rd**
**Ponchatoula, LA 70454**

From: **New Orleans Field Office**
**Hale Boggs Federal Building**
**500 Poydras Street, Room 809**
**New Orleans, LA 70130**

|  |  |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **461-2021-00519** | **Kory J. Fascio,** **Investigator** | **(504) 635-2549** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| ☐ | More than 180 days have passed since the filing of this charge. |
| ☒ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Kory J. Fascio**

Digitally signed by Kory J. Fascio
Date: 2021.10.21 15:19:47 -05'00'

Enclosures(s)

**Malcolm S. Medley,**
**Director**

*(Date Issued)*

CC: **Ryan Marcomb**
**Authorized Rep**
**57588 Mainegra Rd**
**Slidell, LA 70460**

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
issued to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Vallery Coleman               case number 461- 2021-00519

Date 8/9/2021                 Vallery74@hotmail.com

Respond to Mrs. Joyce Brewer Letter concerning me case.

On 12/7/2021 Mrs. Joyce Brewer and her Husband and Mrs. Melissa Harrison check in at work Summerfield assisting Living at the receptionist desk before began to work on that day. Too have their temperature taken before clocking into work on that day. I did not have my mask on that day I look at them face to face no one day anything as I was taking their temperature.  by law I can have my mask off for 5 to 10min if having breathing problems. I took Mrs. Joyce and her husband together temperature she looks directly at me. And ask me question about things concerning the office and still she and Mrs. Melissa Harrison said nothing.

I give Mrs. Melissa her message after taking her tempt she lift out of the area and went into Mrs. Joyce office. She did not ask me to put on my mask she just lift out went straight to Mrs. Joyce and told her I was not wearing a mask she did not confront me about it. And neither did Mrs. Joyce, I check them both in and they both know I was not wearing a mask.  it was very busy that day. Mrs. Joyce came out of her office yelling at me.  put on your mask or leave my building. I was on the phone at the time and their resident visitor coming and standing at the receptionist desk.

My office area is very secure from the visitors for I am in an office with a door from all visitor's and there is a Big Plastic Plato glass in front of me and residents and employee's. There is only a small side opening to take the resident or victors temperature and I am shield off from them. So even if I did have on a mask no one could touch me.

So, Mrs. Joyce conutine to yell at me. And telling to leave her building I could not work if don't put a mask on. I ask her to wait one moment I would expand everything to her. But she contuine to say leave right now leave my building put that mask on right Now!! Or you can work here not in my building.  then she said come into her office right Now!! I went into the office with her. She yell you go on head in their right Now!!

I did not respond back to her. Because I was not getting to argument with her.  So she said again you don't put your mask on you are going to have leave my building right Now!

I ask to let me expand. She was not in the office for the last week and I began to start feeling really bad from wearing the mask. On that Saturday. I started sweating, having a headache, my sinus begin cause my noise to running getting very heated and it was hard for me to breath. So, I took a early lunch break to go out side to get some air. They was having me wear our mask for 8 hour with take a break with it off to breath. And I was dehydrate so I ask for some water after 30 min getting some air and drink water I start feeling better.

But I told her my witness of this was the new adm. I was training.  But keep if I did put on my mask she was going to send me home. And if was not going to wear my mask I could not work their!!.

So she keep on tell me I could not in her work I had to go home unless I put on her mask.

I ask her if I could wear plastic shield mask, she said No, not without a mask under it. I told her again I could not wear the mask because it was making me over heated, I had a headache also . So then I told her by law 2nd amendment I did not have to wear a mask. So got my research papers on wearing a mask. But I had been wearing a mask the whole while since the mask wearing mandate began. This was the first time I had begun to have problems with the mask. There was a survey about surgical nurses wearing the mask for a long periond of time and that we should take it off at less 30min or less,.

Mrs. Joyce and Mrs. Fontain decide to send me home until they make a decision on what to do and I was to wait on them, to here from them or get a call . So they call me the next, saying I could come back only if I was to wear the mask I said I would only if I could wear the plastic shield so I could breathe. I not told anything about going to the doctor.

If I felt it was necessary, I would have. But was not because when I had the mask off, I began to feel better and I did not see why I could not just wear the plastic shield without a mask under it.   she said NO!

And I work on the 11pm to 7am shift, on that day I was filling in for another employee an 8:00am to 3pm shift but my regular shift was 11 to 7am there was no visitor's coming in at that hour of night I am behind a shield plastic glass and a close in office.  after I talk with them she still insisted I had to wear a mask behind the plastic shield. And she told if I could not wear a mask I could not work in her building so Mrs. Fontina got anger at what she had said Mrs. Fontain told me she will we just give me a leave of absence until the mask mandate pass for to wear a mask. Then I could return to work. I said okay!! And that was the last thing she and I said that on the phone.

I have proof of a survey that was taken by these surgical nurses that had the same effects from these NK95 mask  it as not necessary to go to a doctor because I took off the mask for a while or stop waring it I felt better. And I know this was the cause of the side effects.

You will see that these nurses had the same sided effects that I did from wearing these masks. They say wearing a cloth mask does not give you the same effect as the Nk95does.

So, I wear a cloth mask and I have no side effects.


Thank You

Vallery Coleman

8/9/2021

8/5/2021

Please allow this letter to reflect the official position statement from Summerfield Senior Living of Hammond "Summerfield" on the EEOC Charge 461-2021-00519

A point of clarification – Ms. Vallery Coleman was never terminated by Summerfield. She is still listed as an active employee on leave but has been welcome to rejoin our company with the agreement that she wear a mask in accordance with our company COVID-19 infection control protocols. Alternatively, we have offered to Ms. Coleman that we would be willing to make reasonable accommodations and exceptions to the mask mandate if she could provide us with a letter from her doctor. To date, we have not heard back from Ms. Coleman on either of the aforementioned.

Summerfield is a healthcare provider in the assisted living and memory care business catering almost exclusively to elderly individuals. Our residents are the most susceptible to COVID-19 and as such, since the start of the pandemic, our infection control protocols including PPE requirements of our employees has had to be stricter as directed by CDC and the Louisiana Department of Health.

The following is a summary of events related to the EEOC Charge 461-2021-00519 as stated by respective Summerfield team members:

On 12/7/2020 at approximately 11:00am, Healthcare Coordinator Melissa Harrison informed me that the receptionist, Ms. Coleman, was not wearing a mask and refused to put one on when asked.

Joyce Brewer (Executive Director/Administrator at the time) went to the front desk and asked Ms. Coleman to put on a mask and she ignored Ms. Brewer and continued her tasks with a visitor at the front desk. Ms. Brewer again reiterated she must wear a mask, and at that time she told Ms. Brewer she would not. Ms. Brewer instructed Vallery to go into her office to discuss. During that time, Ms. Coleman came to the file cabinet in the copy room and retrieved a green hanging folder with documents inside. Ms. Brewer again instructed Ms. Coleman to wait in my office, as she still was not wearing a mask.

Business Office Manager, Jill Fontenot and Ms. Brewer had a conversation with Ms. Coleman regarding company policy of wearing masks. Ms. Coleman presented documents stating she did not have to wear a mask by way of the 2nd amendment and her religious beliefs. She wanted to make copies of the documents for us, but when told we would copy them, she refused to give us the documents.

Ms. Coleman stated the masks smothered her and she could not breathe. When asked why she never informed anyone of her issues, she stated she told Kathy Lowerey, the new administrative assistance, when she was training her last week. Ms. Coleman stated she did not tell her she would not wear one, but that it was restricting her breathing. She stated she had to go outside last week and also had requested the kitchen bring her water to keep at the front desk.

She stated she did not tell her supervisors because "they were not here".

Ms. Coleman stated she could provide something from a doctor stating she could not wear the masks. She was advised to bring that to us if obtained for review. Ms. Brewer advised until then, she could wear a face shield and a surgical mask in place of the KN95s required at this time. Ms.

Coleman stated she would wear the shield, but no mask.

Ms. Coleman also stated she did not believe in Covid-19 or that she would become ill with it. Ms. Coleman also stated we could not make her take a test or the vaccine. Ms. Coleman was advised and agreed Summerfield has not attempted to do either, tests are encouraged but not required, and the vaccine is also not required. It was not available at this time.

Ms. Coleman was sent home until management was consulted and decision was reached regarding mask wearing and ourcompany policy.

At 12:00 on 12/7 a call was put into Ms. Coleman requesting she give us a call to discuss the matter and our decision regarding mask wearing. A message was left. Additional messages were left on 12/8/2020. Coleman responded at 7:48pm on 12/8 that she would call us on 12/9. When no call was received, Ms. Fontenot and Ms. Brewer called to speak with Ms. Coleman at approximately 11:00am on 12/9/2020 to advise of our policy that she would be required to wear a KN95 mask or a surgical/cloth mask with a shield. If Ms. Coleman was not willing to comply, she could take an unpaid leave until restrictions were lifted. She would be able to return in whatever capacity was available at that time. Ms. Coleman stated she would call us back with her decision.

Ms. Fontenot called Ms. Coleman back around noon, and Ms. Coleman advised she would not work wearing the mask. When asked if she was resigning, she stated she would do what we said and just not work while the masks had to be worn. Ms. Fontenot advised we would change her status to PRN and she should contact us when she is ready to return.