# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**VALLERY A. COLEMAN**                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 21-608-JWD-SDJ**

**SUMMERFIELD ASSISTING**
**LIVING AND JOYCE BREWER**

---

## ORDER SETTING SERVICE DEADLINE

---

The Court issued a Show Cause Order (R. Doc. 8) on March 17, 2022. That Order required Plaintiff, who is proceeding without counsel, to show cause as to why her claim should not be dismissed for failure to perfect service on Defendants Summerfield Assisting Living and Joyce Brewer in compliance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff timely filed a Response on March 30, 2022. (R. Doc. 9).

Unfortunately, Plaintiff's Response makes clear that she has made no effort to serve Defendants after filing this lawsuit in federal court on October 25, 2021. (R. Doc. 9 at 2-3). Instead, Plaintiff explains that any failure on her part during this litigation should be excused because Defendants were "served" with Notice of her Charge of Discrimination by the U.S. Equal Employment Opportunity Commission but never responded to her Charge.[1] (R. Doc. 9 at 2). It appears that Plaintiff fully understands that all of this — i.e., her filing a Charge with the EEOC

---

[1] It must be pointed out that Defendant Summerfield indeed provided a Response to Plaintiff's Charge of Discrimination. According to the record, Plaintiff filed her Charge of Discrimination with the EEOC on June 8, 2021. (R. Doc. 1-1 at 1). Defendant then submitted a Response on August 5, 2021. (R. Doc. 1-1 at 12-13). What's more, after reviewing Defendant's Response, Plaintiff provided the EEOC with a Reply (R. Doc. 1-1 at 8-11) on August 9, 2021. Plaintiff attached these documents to her Complaint (R. Doc. 1-1). And so, the record does not support Plaintiff's contention that Defendant did not respond to her Charge of Discrimination.

and any response to that Charge by Defendants — occurred before her lawsuit was filed. As such, the EEOC's providing Notice of her Charge of Discrimination, as part of its investigation at the administrative level, cannot be confused by Plaintiff with Rule 4's requirement of formal service after filing suit.

To be clear, formal service requires a "summons [to] be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). After a complaint is filed, "the plaintiff may present a summons to the clerk for signature and seal" and, if the summons is properly completed, "the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). A plaintiff is then "responsible for having the summons and complaint served within the time allowed by Rule 4(m)," which is 90 days from the filing of the Complaint. Fed. R. Civ. P. 4(c)(1) and 4(m).

In this case, the Clerk of Court signed, sealed, and issued Summons for each Defendant on November 1, 2021 (R. Doc. 6) — just one week after the Complaint was filed. (R. Doc. 1). It has now been more than a year, and Plaintiff has not served either Defendant. Indeed, it appears Plaintiff may not have even tried to serve Defendants. Beyond that, Plaintiff has been aware of her failure to comply with the service requirements of Rule 4 for at least 9 months. (R. Doc. 8) (Show Cause Order issued on March 17, 2022).

Instead of correcting these issues and perfecting service, Plaintiff relied on steps taken by the EEOC as part of its investigation of her Charge of Discrimination. But this cannot constitute "good cause" under Rule 4(m), as the EEOC's Notice to Defendant Summerfield at the administrative level is wholly unrelated to and in no way satisfies the formal service requirements of Rule 4. *See* Fed. R. Civ. P. 4(m) (court must extend time to serve for good cause shown).

There is a "clear record of delay" on the part of Plaintiff to perfect service and, by extension, prosecute her case. *Sanchez v. Maverick Express Carriers, LLC*, 2021 WL 3598283, at

*5 (W.D. Tex. July 13, 2021). Despite this, because Plaintiff is proceeding pro se, the Court will allow Plaintiff one last chance to serve process on the Defendants. Plaintiff will have an additional 21 days to perfect service. If Plaintiff fails to perfect service within the additional time allowed, the Court will immediately recommend dismissal for Plaintiff's failure to perfect service and her failure to prosecute this litigation. *See* Fed. R. Civ. P. 4(m) (dismissal for failure to serve); LR 41(b)(1)(A) (dismissal for failure to prosecute). And so,

**IT IS ORDERED** that Plaintiff has an additional **21 days** from the date of this Order to **perfect service of process** on each Defendant. Plaintiff must also **file Proof of Service** in the record within **21 days** of this Order. **Failure** to **serve process** within the additional 21 days allowed will result in an immediate **recommendation** of **dismissal**.

Signed in Baton Rouge, Louisiana, on December 19, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**