**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VALLERY A. COLEMAN** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-608-JWD-SDJ** |
| **SUMMERFIELD ASSISTING LIVING, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 15, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VALLERY A. COLEMAN | CIVIL ACTION NO. |
| VERSUS | 21-608-JWD-SDJ |
| SUMMERFIELD ASSISTING LIVING, et al. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court as a result of Plaintiff Vallery A. Coleman's failure to timely serve Defendants Summerfield Assisting Living and Joyce Brewer. Because Plaintiff has consistently failed to serve Defendants, it is recommended that this case be dismissed.

**I.    Background**

Plaintiff Vallery A. Coleman instituted this action on October 25, 2021, against Summerfield Assisting Living ("Summerfield") and Joyce Brewer, alleging that she was discharged from her employment with Summerfield, in violation of the Americans with Disabilities Act, as retaliation for her refusal to comply with Summerfield's mask mandate.[1] The Court granted Plaintiff's request to proceed *in forma pauperis* but denied her Motion to Appoint Counsel.[2] Summons was issued for all Defendants on November 1, 2021.[3]

On March 17, 2022, after Defendants still had not been served, this Court issued a Show Cause Order, instructing Plaintiff to show cause, in writing, why her claims should not be dismissed for failure to serve Defendants, in violation of Federal Rule of Civil Procedure 4(m).[4] Plaintiff, on March 30, 2022, filed her written response to the Show Cause Order, stating, *inter*

---

[1] R. Doc. 1.
[2] R. Docs. 4, 7.
[3] R. Doc. 6.
[4] R. Doc. 8.

*alia*, that "EEOC serve[d] the defendants within the time that was given by the Federal Rule[s] of Civil Procedure."[5]

Because this in no way constitutes service of this suit, on December 19, 2022, the Court issued an Order granting Plaintiff additional time to serve Defendants and setting a service deadline of 21 days from the date of that Order—*i.e.*, by January 9, 2023.[6] In that Order, the Court stated that Plaintiff's Response to the Order to Show Cause "makes clear she has made no effort to serve Defendants" and explains that formal service of Defendants in compliance with Federal Rule of Civil Procedure 4 is required.[7] Per the Court, "[t]here is a 'clear record of delay' on the part of Plaintiff to perfect service and, by extension, prosecute her case."[8] The Court further made clear that "[i]f Plaintiff fails to perfect service within the additional time allowed, the Court will immediately recommend dismissal for Plaintiff's failure to perfect service and her failure to prosecute this litigation."[9] The Court also specified that "Plaintiff must … file Proof of Service in the record within 21 days of this Order" and that failure to do so "will result in an immediate recommendation of dismissal."[10] Summons was then issued by the Court as to all Defendants and given to Plaintiff for service on December 30, 2022.[11] To date, no proof of service has been filed into the record.

## II.   Law & Analysis

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution … [w]here no service

---

[5] R. Doc. 9 at 2.
[6] R. Doc. 11 at 3.
[7] *Id.* at 1-2.
[8] *Id.* at 2.
[9] *Id.* at 3.
[10] *Id.*
[11] R. Doc. 12.

2

of process has been made within 90 days after filing of the complaint." Service was ordered, and summons was issued well over one year ago.[12] Further, Plaintiff learned of the defects in service over two years ago and was given additional opportunities to serve Defendants, the last being in December 2022, yet Plaintiff has continued to fail to serve Defendants.[13]

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). A determination whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* Because Plaintiff has wholly failed to respond to the Court's December 19, 2022 Order setting a service deadline, she has not demonstrated good cause.

However, even if Plaintiff lacks good cause, the Court may extend the time for service. *Thompson*, 91 F.3d at 21. Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, because Plaintiff complains of events occurring in and before December 2020,[14] dismissal of this Complaint without prejudice will likely have the effect of a dismissal with prejudice, given that the events giving rise

---

[12] R. Docs. 11, 12.
[13] R. Docs. 8, 11.
[14] R. Doc. 1-1 at 1.

3

to the complaint occurred over three years ago. Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (internal quotation marks and citations omitted). Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* Here, the delay is caused solely caused by Plaintiff, and, despite repeated notice from the Court, Plaintiff has wholly failed to even attempt to remedy the defects in service. Moreover, the Court already has granted Plaintiff additional time to serve Defendants, during which time Plaintiff took no action. Plaintiff's continued inaction in this case supports dismissal, even if refiling may be time barred.

### III. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service upon Defendants Summerfield Assisting Living and Joyce Brewer.

Signed in Baton Rouge, Louisiana, on April 15, 2024.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**